IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

FLOY MCNULTY,

    Plaintiff,

v.                                                Case No.

EQUINIX, LLC, a foreign limited liability
company; STUART THOMPSON, an
individual; and STACY GRUBBS, an       **JURY TRIAL DEMANDED**
individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff FLOY MCNULTY ("McNulty" or "Plaintiff") by and through undersigned counsel, brings this Complaint against the Defendants, EQUINIX, LLC ("Equinix"), Stuart Thompson, an individual ("Thompson"), and Stacy Grubbs, an individual ("Grubbs")(Equinix, Thompson, and Grubbs shall collectively be referred to as "Defendants"), and states as follows:

## JURISDICTION

1. Plaintiff McNulty is an individual over the age of 18 years old and is thus *sui juris*.

2. McNulty currently resides in Hillsborough County, Florida, and did at all times relevant to the allegations herein reside in Hillsborough County, Florida.

3. Upon information and belief, Thompson resides in California, though he frequently makes appearances at Equinix's Tampa office.

4. Upon information and belief, Grubbs resides in California, though she frequently makes appearances at Equinix's Tampa office.

5. Equinix is a foreign limited liability company authorized to do business in Florida with its principal place of business at 36 NE 2nd Street, Miami, Florida 33132.

6. However, Equinix also operates its business out of a facility in Tampa in Hillsborough County, Florida.

7. The events or transactions out of which this claim arose occurred in Hillsborough County, Florida.

8. This is an action for damages which exceed $15,000.00.

9. Venue is proper in Hillsborough County pursuant to section 47.051, *Florida Statutes*, as the cause of action asserted herein accrued in Hillsborough County.

## GENERAL ALLEGATIONS

10. Equinix is, and was at all relevant times, a covered employer within the meaning of the Family and Medical Leave Act of 1993 ("FMLA").

11. That is, Equinix employed at least 50 individuals within a 75-mile radius in 2016.

12. McNulty was employed by Equinix beginning in 2000 and her most recent title was "Facilities Coordinator."

13. McNulty was an eligible and qualifying employee for FMLA leave as of May 2016.

14. Specifically, McNulty had been employed longer than one year at the time she requested leave, had worked at least 1,250 hours within the previous 12 months of the leave, and had not taken her 12-week FMLA leave entitlement within the preceding 12 months of her leave.

15. As a result of Defendants' unlawful conduct, described *infra*, McNulty has had to retain counsel to represent her rights, and, as such, is obligated to pay attorneys' fees and costs to the undersigned for legal services.

## COUNT I (FMLA RETALIATION AS TO EQUINIX)

16. McNulty realleges and reincorporates paragraphs 1-15, as if fully set forth herein.

17. In the Spring of 2016, McNulty began to experience symptoms consistent with breast cancer.

18. McNulty went to multiple medical appointments in May 2016, including two for mammograms, one for a sonogram, and one for a biopsy, leading up to an "official" diagnosis of breast cancer.

19. During the time leading up to and including the "official" date of her diagnosis of cancer, McNulty had discussed her potential diagnosis of breast cancer with her co-workers and supervisors at Equinix.

20. Thus, Equinix was fully aware of McNulty's breast cancer and that she would need time off for treatment of this *de jure* disability.

21. In fact, McNulty sought FMLA leave for treatment of her own serious health condition, i.e. breast cancer.

22. In June 2016, Equinix retained the services of an individual for the purpose of filling McNulty's role as Facilities Coordinator.

23. McNulty trained that individual for the Facilities Coordinator position.

24. McNulty had surgery for her breast cancer on or about July 6, 2016.

25. Accordingly, she began her full FMLA leave on or about July 6, 2016.

26. McNulty returned to work with Equinix on or about August 1, 2016.

27. However, McNulty continued to take intermittent FMLA leave to accommodate her on-going cancer treatment.

28. This treatment included McNulty's radiation therapy.

29. McNulty had been approved for intermittent FMLA leave until January 31, 2017.

30. On November 3, 2016, Equinix informed McNulty that she was being separated from employment, stating that her position was being eliminated.

31. The other individual brought on as Facilities Coordinator to fill-in for McNulty continued to work for Equinix.

32. Equinix retaliated against McNulty for her use of FMLA leave by terminating her within a short period of time following the leave.

33. Equinix's actions were willful violations of the FMLA.

34. As a result of the Equinix's unlawful conduct, McNulty has suffered and continues to suffer damages, and it is reasonably likely that those damages will continue into the indefinite future.

WHEREFORE, McNulty demands that the Court enter judgment against Equinix for the following:

    a. Lost wages (back pay);

    b. Reinstatement or front pay;

    c. Liquidated damages;

    d. Interest on any moneys awarded in subsections a, b, and c, *supra*;

    e. Compensatory damages; and

    f. McNulty's reasonable attorneys' fees and costs.

## **COUNT II (FMLA RETALIATION AS TO GRUBBS)**

35. McNulty realleges and reincorporates paragraphs 1-15 and 17-32 as if fully set forth herein.

36. At all relevant times, Grubbs was Manager of Facilities.

37. Grubbs supervised McNulty and had the power to hire and fire employees on behalf of Equinix.

38. Grubbs supervised and controlled McNulty's employment conditions.

39. Grubbs had input, if not the final say, in determining the rate and method of McNulty's payment.

40. Upon information and belief, Grubbs maintained McNulty's employment records.

41. Thus, under the "economic realities" test, Grubbs is a qualifying employer within the meaning of the FMLA.

42. Grubbs was aware that McNulty had breast cancer and was going to need FMLA leave for that serious health condition.

43. Grubbs authorized McNulty's purported job elimination.

44. Grubbs's actions were willful violations of the FMLA.

45. As a result of the Grubbs's unlawful conduct, McNulty has suffered and continues to suffer damages, and it is reasonably likely that those damages will continue into the indefinite future.

WHEREFORE, McNulty demands that the Court enter judgment against Grubbs for the following:

    a. Lost wages (back pay);

    b. Reinstatement or front pay;

    c.  Liquidated damages;

    d.  Interest on any moneys awarded in subsections a, b, and c, *supra*;

    e.  Compensatory damages; and

    f.  McNulty's reasonable attorneys' fees and costs.

### COUNT III (FMLA RETALIATION AS TO THOMPSON)

46. McNulty realleges and reincorporates paragraphs 1-15 and 17-32 as if fully set forth herein.

47. At all relevant times, Thompson was Director of Facilities and Real Estate.

48. Thompson was aware that McNulty had breast cancer and was going to need FMLA leave for that serious health condition.

49. Thompson authorized McNulty's purported job elimination.

50. Thompson's actions were willful violations of the FMLA.

51. As a result of the Thompson's unlawful conduct, McNulty has suffered and continues to suffer damages, and it is reasonably likely that those damages will continue into the indefinite future.

WHEREFORE, McNulty demands that the Court enter judgment against Thompson for the following:

    a.  Lost wages (back pay);

    b.  Reinstatement or front pay;

    c.  Liquidated damages;

    d.  Interest on any moneys awarded in subsections a, b, and c, *supra*;

    e.  Compensatory damages; and

    f.  McNulty's reasonable attorneys' fees and costs.

**JURY TRIAL DEMAND**

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 1st day of October, 2017.

                          **/s/ Shaina Thorpe**
                          SHAINA THORPE
                          Florida Bar No. 0055464
                          JAMES J. THORPE, JR.
                          Florida Bar No. 0074848
                          Primary:   shaina@thorpelawyers.com
                                          jim@thorpelawyers.com
                          Secondary:  denise@thorpelawyers.com
                                          sy@thorpelawyers.com
                                          jeri@thorpelawyers.com

                          **THORPE & THORPE, P.A.**
                          112 N. East Street, Ste. A
                          Tampa, Florida 33602
                          Telephone: (813) 400-0229
                          Fax: (813) 944-5223

                          *Counsel for Plaintiff Floy McNulty*